IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEILA PYLE, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTO, INC., d/b/a EOS CCA,<br><br>Defendant. | Case No. 17-cv-1093-SMY-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel (Doc. 39) and Plaintiff's Statement to the Court and Updated Motion to Compel Discovery (Doc. 43). Defendant filed no responses. On November 8, 2018, a telephonic hearing was held on Plaintiff's motions. Remaining at issue is: (1) the request for documents regarding prior complaints, criticisms, or inquiries relating to the initial notice of debt letters and (2) the complete files of persons in Illinois who were sent an initial collection letter by Defendant in the form of Exhibit A to the Complaint.

Defendant initially responded to Plaintiff's request regarding prior complaints by stating that it "has not been sued based on the letter attached as Exhibit A to the Complaint." Plaintiff argues the response does not satisfy Plaintiff's request for prior complaints, which goes beyond lawsuits. Defendant stated at the hearing that no other complaints of any sort have been received. Defendant is instructed to file an Amended Response to Plaintiff's request.

Plaintiff further requested from Defendant the complete files of all natural persons in Illinois who were sent an initial collection letter by Defendant in the form of Exhibit A to the

Complaint between October 11, 2016 and November 1, 2017. Defendant provided a list of 291 class members, but including only account numbers, cities, states, and zip codes of those individuals. Plaintiff stated that this would be acceptable if Defendant would stipulate that the account list provided included only consumer debts. Defendant asserts an individual inquiry would have to be made with each of the 291 accounts to determine whether they were consumer accounts or commercial accounts. Defendant argues such an inquiry would be burdensome and it cannot stipulate that each account listed is only a consumer account.

Plaintiff's counsel also informed the Court that since filing the Motion to Compel an additional issue has arisen. During the course of a deposition, Plaintiff discovered that there may be an additional list of accounts that received letters in the form of Exhibit A. The list of 291 class members provided by Defendant were letters sent on behalf of a specific creditor (WildBlue Communications). Based on recent deposition testimony, Plaintiff believes there are consumers who received the same form letter from Defendant on behalf of other creditors. Plaintiff's Complaint was not limited to collection documents sent on behalf of WildBlue Communications. Plaintiff's request for production seeks the files of all persons who were sent an initial collection letter by Defendant in the form of Exhibit A, regardless of the creditor.

Plaintiff's motion with regard to the files of persons in Illinois who were sent an initial collection letter by Defendant is **GRANTED**. Defendant Collecto, Inc. is **ORDERED** to provide the complete files of all natural persons in Illinois who were sent an initial collection letter by Defendant in the form of Exhibit A, regardless of creditor, between October 11, 2016 and November 1, 2017, including full names and addresses. Defendant's supplemental response is due by November 29, 2018.

**IT IS SO ORDERED.**

**DATED:   November 9, 2018**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**